We have four arguments today. The first case is number 2009 7 0 6 7 Colantonio against the Department of Veterans Affairs. Mr. Raven, is that the Sean Raven for veteran Colantonio, Mr. Corino Colantonio. May it please the court, the issue before the court is whether or not certain lay evidence is sufficient to trigger the secretary's duty to assist and specifically the duty for VA to provide a free medical examination to a veteran to assist the development of his claim. Recently this court issued its decision Waters versus Shinseki. Case you're no doubt quite familiar with. Yes, yes your honor I am. You argued that case I think. Yes I did your honor. Waters is significant significantly different from this case. This case is distinguished by the fact that that Mr. Colantonio's entire service medical records are lost and presumed destroyed. There is no evidence of his injuries in service to his back other than his own lay testimony, his own lay statements. The other distinction between this case and Waters is that unlike Waters, Mr. Colantonio is not simply alleging that his disability is related to service. He's not alleging that he has a medical nexus opinion that he's giving. He's simply stating that in his evidence or his statements that his back disability which started in service has never been cured. Lay testimony should be sufficient under the law to with the disability incurred in service. The Veterans Court noticed and acknowledged that the board never applied any standard to the question of whether or not Mr. Colantonio was entitled to an examination. It didn't it didn't analyze Mr. Colantonio's lay statements and in its decision it clearly said here the board decision contains no discussion relating to the Can we go back to Waters? So could you repeat for me if necessary or at least amplify what what the distinction is between this case and that? My pleasure. I mean I know there the symptomology was far different from what he experienced. Here there's more direct, at least we're talking back injuries, back problem. Is that enough? In Waters, the distinction in Waters is Waters offered his own etiology opinion by saying my disabilities are related to service and that was because because I just feel that those disabilities are related to service because I or my service-connected disability. Mr. Colantonio is saying is not saying my back disability is related to service because that's my own opinion. He's saying my back disability is the same disability that I had in service. It was never cured. And on page 23 of the record he's saying I had a back injury in service. I had a number of injuries in service to my back. I had back injuries after service. My back injuries have never, my back, the injury to my back has never been cured. So to a certain extent I mean and the Waters court was concerned in terms of what would be therefore allowable as kind of a per se rule. So aren't you asking us then to establish a per se rule at least with respect to a current disability that's arguably in the same box as a disability experience during service. Therefore lay testimony simply saying this is related to that is sufficient. Is that the rule you'd have us create? In a sense yes. In a sense that would create, yes. In short I would because the analysis that the board has to follow is that Mr. Colantonio is saying that his back disability has consistently persisted throughout the entire, his entire life ever since service. They have to analyze that lay evidence to determine whether or not that evidence may indicate that his current disability is related to this disability in service. But the difficulty you have on the facts of this case at least and amongst various things that the Court of Federal Claims said, they also pointed out to the fact that you had isolated treatments after subsequent injuries in the following five years underscored the intermittence rather than continuity of symptomology. So they kind of did address the argument you're making that maybe in the absence of these intervening events it would have been sufficient for him to just point to this and then point to that. But didn't they kind of decide that what makes this different from your hypothetical case is that there were these intervening events. In a sense yes I would agree with you but I'd point out the board never made any findings of fact regarding the credibility or analysis of Mr. Colantonio's statements. This is an appellate court substituting its own time. Well there's no credibility it's his opinion right? I mean what are the disputed issues of fact in this case? The fact that Mr. Colantonio asserts that he has consistently suffered from symptoms of back disabilities in service and he's saying my back disability has never cured. On page 23 in the record is his first letter to the VA in his application where he's saying I've had all these injuries to my back when I was serving my country and my back injury was never cured. And when the court, when the appellate court substitutes its findings of fact for those that the board was supposed to make, when it clearly says the board never made those findings there is certainly a problem. Is there any difference if we had contemporaneous evidence from his that would say well yes Mr. Colantonio did have a back problem because during such-and-such a day he couldn't carry his pack. I mean the only evidence that we have in the record itself is Colantonio's testimony that he had a bad back while he was in service. But there's no contemporaneous even lay evidence to the effect that corroborate his statements. Veterans often have this problem. In 1973 the NPRC in St. Louis had a huge fire that destroyed hundreds of thousands of records. There are no service medical records for Mr. Colantonio. They're missing and presumed destroyed. All he has is his own statements. He's a World War II veteran and the only evidence of an injury in service is his own statement. Could he get corroborating evidence from somebody else in his unit? I suppose so. I suppose he could try to do that. But I don't believe that was the issue which the board or the court found lacking in this case. So they weren't disputing. They accepted as true his assertions with respect to his experiences during service, correct? I believe so. What is it, of course as you know we're not allowed to get into factual disputes, but what is it that you think was the legal error that the board made in this case? Or if you don't think the board made a legal error, what legal error was made by the Court of Appeals for Veterans Claims? The Board of Veterans Appeals, as the court below found, never provided any reasons or bases, never analyzed lay evidence to determine whether or not Mr. Colantonio's lay statements may establish, are sufficient to establish, that his current back disability is related to service, thus meeting the low threshold for an examination. Well are you, when you say not, didn't provide reasons, I mean there is a discussion in the board's opinion followed by a conclusion that the board reaches that this is insufficient. It sounds to me as if when saying that they didn't really have a sufficient discussion, what you're really saying is their discussion should have led them to reach the opposite conclusion from the one they reached, and that sounds very factual. First, the board never analyzed the lay evidence, and the Veterans Court acknowledges that on page four of their decision, when it writes on the very last paragraph, here the board decision contains no discussion relating to the appellant's entitlement to a medical examination or opinion. The board is required to analyze evidence and determine whether or not Mr. Colantonio was entitled to an examination, including the statute in determining whether or not applying facts, law to facts, whether or not Mr. Colantonio was entitled to assistance from the secretary. The legal... So let me see if I, if I understand that what you're saying is even though the board did discuss service connection and their perceived insufficiency of the evidence for service connection, they skipped over the step required by the by the new statute for an opinion or medical examination, which is a lower standard than the the ultimate determination of... Exactly, exactly. The standard for entitlement to service connection for disability is a different set of criteria than the standard and the criteria for VA to provide assistance like an examination to help a person develop their claim, a claimant to develop their claim for benefits. That was the entire purpose of the BCAA after this court's decision in Morton or the Veterans shouldn't go broke providing their own medical opinions. VA is supposed to assist veterans in development of their claim and the threshold for getting an examination is a low threshold. It shouldn't be a high bar which prevents all veterans from getting examinations, but only keeps out those claims which are just completely frivolous from receiving that type of assistance. Strange language in the statute it seems to me. The statute this isn't the kind of language you usually see in in statutes that define burdens of proof. It says, I mean, that A has the language about this more standard, contains competent evidence that the claimant has a current disability, but B says indicates that the disability may be associated with the claimant's service. What do you think indicates, maybe that's the point you were just making and that it's a low threshold, but what how would you articulate the threshold indicates may be associated? Lay evidence should suffice to indicate, may indicate, that a disability, current disability may be associated with an event in service. Well I think it's, I think we can all agree that that you don't need quote competent evidence, at least it's not an I.B. That was the point on which you prevailed in waters as I read it, but passing that, what does indicates dot dot dot may be associated with, say, with respect to assessing the force of the lay evidence that may be before the board? That's the question exactly before the court. Right, but what's your answer to that? My answer to that is that simply lay evidence of what has lay evidence, not a conclusory statement, but lay evidence saying my back has never been the same since I injured it in service, is sufficient to meet that low threshold. If it's not, then essentially Morton has been resurrected and well groundedness has been resurrected and veterans will have to get their own medical opinions in order to get VA to assist them to get a medical opinion. Now do you read the court, now not the board, but here, but the courts opinion as requiring proof of, again, competent evidence, presumably medically competent evidence? Yes. It's somewhat ambiguous it seems to me on page five. Page five it says even assuming that the appellant's lay testimony is sufficient to establish the occurrence of an incident or incidents during service, it cannot provide the requisite medical nexus between service and the appellant's current back disability. That's the wrong standard for obtaining an examination. That's the standard for obtaining compensation for service connection is a medical nexus requirement. May indicate that an injury is related to service is much lower, much much lower than the nexus requirement for establishing service connection under Shedden and also under Hickson. Well, but they go on after that. It seems to me to qualify what they've said or at least arguably maybe you take a different take on it, but in discussing McClendon in the sentence in the indented quote material and in the subsequent sentence below the indented quote to suggest that in certain instances you may not need competent evidence, but in this instance he needed more than simply his lay opinion. I mean that doesn't that look like qualification of the broad broader sounding sentence that you read from. I'm particularly looking at the quote from McClendon that the indicate may be associated. The types of evidence include but are not limited to medical evidence and then the statement that the appellant's statements do not speak to matters that are capable of lay observation, suggesting that if it were something capable of lay observation that it would be fine. That does suggest that if it's capable of lay observation such as my back disability has never been cured that therefore that would meet the low threshold, but I believe that there's a little a slight disconnect between what the Veterans Court sees in finding facts in the first instance that that Mr. Colantonian's statements are sort of ideology opinions rather than simply statements. And specifically what relief would you think would be the appropriate relief in this case if we conclude that there is error here that we can review? Well Mr. Colantonian would ask the court vacate and remand this matter with instructions for the court the Veterans Court to vacate and remand down to the to the facts because although that clearly was inadequate reasons or bases but the standard which Mr. Colantonian is seeking from this case was not applied either. Would we need to require also medical examination at that level? No your honor because I don't think that I believe that the Veterans Court as it directs the board would need to make certain findings that Mr. Colantonian's reached that low threshold to establish that he's entitled to an examination. So if he's entitled to the examination then it would be automatic at the board level? At the board level if he's if the board finds that his statements meet the minimum threshold. Right at that point the board would remand to the regional office to provide a medical examination to assist him to develop his claim. Have the option if I understand the statute of either having examination or a remand. That's correct that was another one of my cases. I'm sorry yes no a veteran doesn't have the right to choose the medical examination it's the discretion of the secretary. Very well well we've asked your questions we'll save you a rebuttal time. Thank you very much. Ms. Hevesi. May it please the court. We respectfully request that the court remand this case to the Veterans Court in order to clarify its opinion. As was indicated during Mr. Colantonio's argument it seems unclear as to whether they simply applied a 5103A D2 to the facts of his case and determined that the particular evidence he offered did not meet the standard for obtaining a medical exam or whether the Veterans Court interpreted the statute to say that lay evidence is never enough to meet the standard to obtain a medical Isn't it our job to try to decide whether what the court has done that the Court of Appeals for Veterans Claims falls within our jurisdiction? Your brief seems to suggest that the Court of Appeals for Veterans Claims has a legal duty to make that job easier for us by saying what we're doing is factual or application of law to fact or straight law. I don't it seems kind of curious to send a case back to the board for the board to pigeonhole its decision in one or another category which is pertinent only so far as it relates to our jurisdiction. At some level this court can analyze the Veterans Court decision and decide whether it was an interpretation or an application and has done so in many cases but there has to be some indication in the Veterans Court decision as to which it might be but this court has held where there's no indication in the Jang case where there's no indication as to which it is and when there's a question as to this court's jurisdiction dependent on clarifying. I guess I'm not clear on what we're talking about here. When you say which it is, is your reference to which meaning fact versus a fact question versus a legal question or which it is in terms of what standard they actually applied in reaching the result in this case? Whether it's a pure legal question or an application of law to fact. We do that in almost I mean you've been in enough cases before us I mean in virtually every veterans case we get there's some argument or dispute whether or not we have jurisdiction or whether it's facts to a lot of facts or just pure law or just pure. I guess I'm having a hard time seeing what this case presents a different question with respect to jurisdiction than every other run-of-the-mill veterans case we have. Simply because the language here that the Veterans Court uses somewhat ambiguous. If you look at page 5 the sentence that Mr. Raven pointed out even assuming that the appellant's lay testimony is sufficient to establish the occurrence of an incident or incidents during service that cannot provide the requisite medical nexus. Again it's not clear from that statement whether the court is saying lay testimony is not good enough ever or you know if you read the McClendon quote and the following paragraph they could be saying that lay evidence is just not good enough in this particular case. So this this this opinion is more ambiguous on the issue of the court's jurisdiction than the typical opinion. It doesn't give any indication as to which which it's doing here and that that's why we think that a remand is necessary for clarification. If the court decides to interpret the opinion without remanding for clarification however we we would agree that if it's a legal interpretation that it's the wrong interpretation to the extent that the Veterans Court is saying that lay evidence is always required that holding would be inconsistent with does that lead you to the same conclusion as Mr. Raven posited to us? Not exactly because while we agree that they if that's in fact the standard they apply that it's the wrong standard we don't agree with Mr. Colantonio that basically any allegation of a connection between service and the current disability is good enough there is there are requirements within this well we on the facts of this case is well and do we decide I mean what's wrong why would we if we agreed with him that these statements of law are wrong and that we need to send it back that the we can presume the Court of Veterans claims applied these erroneous legal principles to resolve this case you really send it back right? Yes we would agree to send it back of course this court can't evaluate the facts for itself and decide whether it meets the standard or not. Well we can send it back to have it re-evaluated by the board make a determination if in fact the lay evidence that was submitted was sufficiently to determine whether or not a medical exam was required. Not exactly what this court could do is send it back to the Veterans Court the way this question arose is that the Veterans Court first determined that the board made a reasons or basis error by not discussing whether a medical exam was required and then the court found that the error was non-prejudicial this court cannot review a finding by the Veterans Court as to whether an error was prejudicial or not so what this court could do is send the case just back to the Veterans Court to look at the evidence in light of the correct standard to consider the lay evidence and then to determine again whether in So the effect would be you say I'm not sure how far apart you and Mr. Raven are on this but maybe there is a tiny bit of space between your positions but what you're saying is if assuming we decide that we do have jurisdiction and we decide that the court applied the wrong standard it would be the courts applying the wrong standard as part of its harmless error analysis with respect to the legal error committed both of you agree by the board or at least you agree that that the question of whether the board committed a legal error is not something that's before us at present. That's right. The difference between us I believe is the standard that should be applied that this court should if it consider and that in Waters this court specifically rejected the idea that an allegation enough is an allegation is good enough to meet the standard for obtaining a medical exam. The court also said in Waters that competent evidence is perhaps too high a standard but Mr. Colantonio agrees at page six of the determine whether it's probative evidence whether it has any probative value that's consistent with the statute itself 5103 a a2 says the secretary is not required to provide assistance if no reasonable possibility exists that such assistance would aid in substantiating the claim. Do you think there's a difference between the types of there are kind of two types of cases here Waters falling in one group and are falling on the other side of the line which is when a veteran alleges 30 years later I have headaches now and I think that's because you know I injured my leg when I was in the military so it's not obvious to anyone that there's a nexus. In this case on the other hand it's the same injury I mean he had a back injury in service and now he's complaining of a back problems isn't there is there a line to be drawn between those types those two types of cases? I don't believe there's a bright line where this court could say that if it's the same type of injury then it meets the standard if it's sort of a different type of injury as we had in Waters that it wouldn't meet the standard that's not necessarily where the line falls it's more of a fact by fact. But there ought to be a lesser burden on the veteran I mean if I'm saying I have headaches now because I hurt my leg four years ago I think one could reasonably say I've got to establish giving them something more whereas I hurt my back in service and now my back is still killing me I mean what more can I say about that? But certainly that may be closer to the facts as well Mr. Colantoni didn't bring his claim until 50 years after service the RO found that it was not the same injury as he'd had in service that his current disability was not the same injury he also admitted in his lay statements that not only did he have back injuries during service but he also had back injuries after service so it still would involve a weighing of his had was an allegation that his hypertension was related to schizophrenia which is a little more difficult for a lay person to determine that. But if we're talking about weighing the evidence then doesn't that have to shouldn't we send it to the board to do that that's what they do right? I mean if that's what's necessary to resolve then the issue before us in this case why not send it back to the board to make those findings which have never not been made yet right? Right only because of the way it came before the Veterans Court and because it was in the context of the Veterans Court prejudicial error analysis it has to go back to the Veterans Court first in order to make that analysis again now likely they would have to send it back to the board if if this court tells them lay evidence has to be considered well then the board would have to make the weighing of the evidence in the first place in order to determine whether the lay evidence presented by Mr. Colantonio is sufficient but because of the prejudicial error determination by the Veterans Court this court can't just send it directly back to the board. What do you think is how would you articulate the legal standard that is entailed by language indicates that the disability or symptoms may be but that's a level of proof that we don't typically deal with how would you characterize that legal test? It's difficult to characterize it in any way beyond the language of the statute itself certainly an example might be the example in the legislative history where you have a paratrooper in service and there are records that he did parachute jumps who later has a record of current knee problems and he has some evidence that there's a connection between his parachute jumps during service and the later knee problem. Do they articulate what kind of evidence that would be? No it's not in the legislative history as to what kind of evidence it would be. It really is a fact based. Would it be sufficient for the paratrooper to say I did 50 jumps and now my knees hurt? Would that be sufficient lay evidence to establish that? That depends on the other evidence of record. Well let's assume that the entire service record was lost and that's all we have 20 years later is the fact that he did make 50 jumps and now his knees are hurting him. Well if his service medical records were lost then certainly VA would likely take into account his statements and accept his statements that he had made the 50 jumps that would be the difference with the service medical records but there could still be a question similar to this case as to whether the knee injuries were similar in type or similar type of situation as whatever his current knee disability would be so that certainly could be a question him saying alone that there's a connection that that might not be. Would it be sufficient to not necessarily it would again depend on what what type of disorder he had. It sounds to me as if maybe I'm over reading what you're saying but it sounds to me like you're edging up at least on saying that as long as the lay statement is not inconsistent with possible medical causation then he's satisfied that standard. In other words if I say as in Judge Prost's example that you know I hurt my knee and now I have headaches it's there's no seemingly no basis for connection unless there's further evidence to that effect but in a case such as the paratrooper case unless there's a doctor that is prepared to say none of the particular knee ailment he has can only come from arthritis which is not the product of jumps it has nothing to do with whether you've had jumps or not trauma of any sort. I mean if is that what we should be looking at the legal test to say that if as long as the lay statement is plausible on its face and isn't rebutted by some evidence to the contrary then then that's enough at least to satisfy the the nexus requirement for getting an opinion or an exam. Well certainly indicates that may be associated with and then the statute also says reasonable possibility so if you read that together if you can take the lay testimony to indicate a reasonable possibility of a connection then that that could be enough. Okay only other well the other possibility or at least I guess I'm trying to think of the kind of evidence lay testimony that could be relevant to this question and I guess it could be as happened in this case some explanation by the veteran as to and what's happened over the 20-year period. In other words and I it could go from and I've never seen a doctor in this just suddenly recurred 20 years later versus I've had this same problem continuously every month. The other thing are intervening events. Right certainly that would make a difference from the paratrooper example where the only evidence we have of a knee injury would be in service jumps and a later hopefully closer to service indication of. Thank you. Thank you. Mr. Raven you have opportunity for rebuttal. Briefly just before you get into your is just you know is Judge Bryson tried to discern what the daylight is between your position and the government's position. What's your art it seemed and it seems like the little daylight there is is that it would first go back to the Court of Entrants claims to establish in the first instance whether it was prejudicial. What's your problem with following that? My only concern we are apart by a very small amount but it's it's a big distinction in that sending it back to the Veterans Court. The Veterans Court is has already found that the board's reasons or bases are inadequate and it's prejudicial error analysis is based on its interpretation of law which we both agree is an incorrect interpretation of law. Yeah but we don't know if getting by the incorrect interpretation of law they would have some other bases for determining whether or not it was prejudicial or not prejudicial. I thought that's where the door was left open for the Court of Entrants claims. Right but it has to be remitted back down to the board and this is where I differ from my friend is that it has to be remitted back down to the board to make findings in the first instance because as an appellate court the Veterans Court certainly cannot make those findings. No but it can make a determination of harmless error. Certainly. So if I mean to take Judge Prost's exact example and if the if the court should say okay we what was on page 5 of our first opinion was at minimum messy and perhaps even wrong nonetheless applying the exact correct standard as Mr. Raven articulates it for us the court we still think the board's error was harmless. They'd be done wouldn't they? I mean there wouldn't be any that you wouldn't like it but you wouldn't have ground for legal complaint. Absolutely correct. All right. I would just like to say in closing that Representative Evans when stated in example under supervision I expect that if a veteran's military records indicate he served as a paratrooper and he now has evidence of arthritis of the knees he indicates was due to these jumps VA will be required to obtain a medical opinion as to whether it is at least as likely as not as current arthritis is related to his military service and that's in the congressional record and in the appellant's brief. I respectfully request on behalf of Mr. Colantonio that the court vacate the lower tribunal the Veterans Courts decision and remand this matter for application of the correct standard of law to the facts. What was the citation of that congressional record? 146 congressional record at H9916. Thank you. Thank you. Thank you Mr. Raven. The case is submitted both counsel.